IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTONIO ALEXANDER McGEE,

    **Plaintiff,**

    v.                                                                CASE NO. 21-3026-SAC

(FNU) BEARDSLEY, et al.,

    **Defendants.**

## O R D E R

Plaintiff, Antonio Alexander McGee, is a state prisoner housed at Hutchinson Correctional Facility (HCF). Plaintiff filed this §1983 action against seven defendants employed at HCF, alleging that he was placed in a "boxcar" style cell for 144 hours as a result of a disciplinary violation. For at least some portion of that time, he was without lights, hot water, temperature control, a bed, bedding, or flushing toilet. He further alleges an unidentified corrections officer cut his hair, and he was tased by someone until he was bruised and his calf muscle was injured. Last, Plaintiff states he was cut, sliced, or stabbed with a knife above his right eye, also by an unnamed person.

The Court entered an Order (Doc. 2) denying Plaintiff's motion to proceed *in forma pauperis*, finding Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). The Court examined the Complaint and attachments and found no showing of imminent danger of serious physical injury. The Court also granted Plaintiff until February 26, 2021, to submit the $402.00 filing fee. The Court's order provided that "[t]he failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice." (Doc. 2, at 3.)

Plaintiff has filed five responses to the Court's Order. In each response, he does not argue about whether he made the required showing of imminent danger. Rather, he seems to be arguing about the amount of time he should have to pay the filing fee. He states in ECF No. 3 that he "thought [he] had 90 days to pay 1915(g) 'Due process of Law' not 30 days?" Plaintiff further states, "As of February 18, 2021 I'm requesting an Order nisi with good faith to pay the $402 filing fee. if not payed after the 37 days I'm requesting after February 26, 2021 dismissal without prejudice." Then, in ECF No. 5, Plaintiff states, "On February 1, 2021 I placed an order nisi requesting correspondence for an 37 day good faith due process of law 1915(g)", and in ECF No. 6, "So as I stated I'm requesting 37 days for my 1914 Due Process."

The Court is unsure precisely what Plaintiff is requesting, but it seems he wanted 37 days to pay the filing fee. The Order was entered on January 26, 2021. Thirty-seven days from that date was March 4, 2021. As of the date of this Order, Plaintiff has failed to pay the filing fee.

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or 'a court order.'" *Young v. U.S.*, 316 F. App'x 764, 771 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b)). "This rule has been interpreted as permitting district courts to dismiss actions *sua sponte* when one of these conditions is met." *Id*. (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)). "In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures when dismissing an action *without prejudice* under Rule 41(b)." *Young*, 316 F. App'x at 771–72 (citations omitted).

The time in which Plaintiff was originally required to submit the filing fee has passed, as has the additional time Plaintiff requested. As a consequence, the Court dismisses this action without prejudice pursuant to Rule 41(b) for failure to comply with court orders.

**IT IS THEREFORE BY THE COURT ORDERED** that this action is **dismissed without prejudice** pursuant to Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.

**Dated March 9, 2021, in Topeka, Kansas.**

<u>s/ Sam A. Crow</u>
**SAM A. CROW**
**U. S. Senior District Judge**