IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTONIO ALEXANDER McGEE,

    **Plaintiff,**

    v.                                                                                   CASE NO. 21-3026-SAC

(FNU) BEARDSLEY, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff, Antonio Alexander McGee, is a state prisoner housed at the Hutchinson Correctional Facility (HCF). The Court entered an Order (Doc. 2) denying Plaintiff's motion to proceed *in forma pauperis*, finding Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). The Court examined the Complaint and attachments and found no showing of imminent danger of serious physical injury. The Court also granted Plaintiff until February 26, 2021, to submit the $402.00 filing fee. The Court's order provided that "[t]he failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice." (Doc. 2, at 3.) Plaintiff failed to pay the filing fee, and on March 9, 2021, the Court dismissed this matter without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to comply with court orders. (Doc. 8.)

Plaintiff has filed multiple motions and responses following the dismissal of this case. *See* Docs. 10–16. He makes multiple allegations, including: that there is "legal malice" because the Court waited twelve days after his deadline to submit the fee to dismiss this case (Doc. 10); questioning again why the Court did not dismiss on the date his fee was due (Doc. 11); that he has actually paid the fee (but attaching documents relating to other cases) (Doc. 12); again

suggesting he has paid the fee (Doc. 13); claiming obstruction of justice and noting that money was taken from his account (Doc. 14); stating that any money taken from his account should have gone toward his fee in this case (Doc. 15); that money sent to the Court "was not able to be found" (Doc. 16).

None of Plaintiff's submissions show good cause why this matter should be reopened or why he should receive relief from the Court's March 9, 2021 Order and Judgment. Plaintiff appears to believe that payments sent to the Court for his other cases should count toward the filing fee in this case. However, as noted in this Court's orders granting leave to proceed *in forma pauperis*, Plaintiff remains obligated to pay the remainder of the $350.00 filing fee in those cases. The agency having custody of Plaintiff continues to forward payments from Plaintiff's account in installments calculated under 28 U.S.C. § 1915(b)(2).

Congress enacted the federal *in forma pauperis* statute, 28 U.S.C. § 1915, to ensure access to the courts by persons financially unable to pay court fees. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1761 (2015). Section 1915(a)(1) permits the federal courts to "authorize the commencement . . . of any suit . . . without prepayment of fees" if a person submits an affidavit that shows he "is unable to pay such fees." 28 U.S.C. § 1915(a)(1).

In the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 321 (1996), Congress addressed the "sharp rise in prisoner litigation in the federal courts." *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). In part, the PLRA modified 28 U.S.C. § 1915 to require prisoners proceeding without the prepayment of fees to pay their filing fees in installments calculated upon the amount in their institutional financial accounts. 28 U.S.C. § 1915(b).

While this statute allows those prisoners who demonstrate that their financial resources are insufficient to prepay their filing fees to pay them in installments, it does not permit them to

avoid the payment of statutory filing fees entirely. Under 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* "shall be required to pay the full amount of a filing fee." Plaintiff has provided no factual or legal basis for this Court to relieve him of this statutory obligation in his other cases. Therefore, he is unable to direct those payments to be applied in this case. Plaintiff's entire $402 filing fee for this case was due on February 26, 2021, and he has failed to submit that fee by the deadline.

Local Rule 7.3 provides that "[p]arties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60." D. Kan. Rule 7.3(a). Because Plaintiff's has filed motions within 28 days after the entry of the order, as well as after, the Court will consider whether Plaintiff is entitled to relief under either section. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

A motion to alter or amend under Fed. R. Civ. P. 59(e) may be granted when "the court has misapprehended the facts, a party's position, or the controlling law." *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Motions to alter and amend are "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Nelson*, 921 F.3d at 929 (quoting *Servants of the Paraclete*, 204 F.3d at 1012). "[O]nce the district court enters judgment, the public gains a strong

interest in protecting the finality of judgments." *Id*. at 929 (citation omitted).  Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.  *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006); *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016) (relief under R. 59(e) is rare).

Plaintiff does not meet the exacting standard for relief under Fed. R. Civ. P. 59(e).  In sum, Plaintiff has failed to meet the standard required for this Court to alter or amend its March 9, 2021 Order and Judgment, and that ruling stands.

Plaintiff is also not entitled to relief if his motions are treated as filed under Rule 60(b) of the Federal Rules of Civil Procedure, seeking relief from judgment entered in this matter. *See Weitz v. Lovelace Health System Inc.,* 214 F.3d 1175, 1178 (10th Cir. 2000).   Rule 60(b) provides in relevant part that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A Rule 60(b) motion provides extraordinary relief which "may only be granted in exceptional circumstances." *Amoco Oil Co. v. United States Environmental Protection Agency,* 231 F.3d 694, 697 (10th Cir. 2000). The decision to grant such relief "is extraordinary and may

only be granted in exceptional circumstances." *Servants of the Paraclete v. Does,* 204 F.3d 1005, 1009 (10th Cir. 2000) (quotation marks omitted).

"Relief under Rule 60(b) is discretionary and is warranted only in exceptional circumstances." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (citation omitted). Revisiting issues already addressed "is not the purpose of a motion to reconsider," and "advanc[ing] new arguments or supporting facts which were otherwise available for presentation when the original . . . motion was briefed" is likewise inappropriate. *Id*. Plaintiff has not shown that relief under Rule 60(b) is warranted.

**IT IS THEREFORE ORDERED THAT** Plaintiff's motions (Docs. 10, 13, 14, 15 and 16) are **denied.**

**IT IS SO ORDERED**.

**Dated November 15, 2021, in Topeka, Kansas.**

> s/ Sam A. Crow
> **Sam A. Crow**
> **U.S. Senior District Judge**